## Shannon, Auditor, et al. v. Heringer.

(Decided Dec. 17, 1937.)

HUBERT MEREDITH, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellants.

OTTO WOLFF for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, Joseph Heringer, became the owner in 1918 of ten certificates evidencing the storage of 50 barrels of whisky in the warehouse of the Old Darlington Distillery at Prestonville, Ky. The whisky later came into the possession of the Kentucky Distillery & Warehouse Company, and on September 1, 1927, was sold by it to pay storage charges. After paying the charges, there remained in the hands of the warehouse company, from the proceeds of the sale, the sum of $1,751.20, which it held until October 2, 1928, when the money was paid into the state treasury. On July 13, 1936, the appellee brought this action in the Franklin circuit court to recover the moneys paid into the state treasury by the Kentucky Distillery & Warehouse Company. Ernest E. Shannon, auditor of public accounts of the Commonwealth of Kentucky, and John E. Buckingham, treasurer of the Commonwealth of Kentucky, were named defendants, and the plaintiff asked for a writ of mandamus commanding the auditor to issue to him a warrant for $1,751.20, and commanding the treasurer to pay it. A demurrer to the petition was overruled, and, the defendants having declined to plead further, a judgment was rendered granting the relief prayed for in the petition. The defendants have appealed. They assert the claim that the title to the money in question, by virtue of section 4779 of the Kentucky Statutes, vested absolutely in the Commonwealth at the expiration of 2 years from the time it was paid into the state treasury.

Section 4778 of the Kentucky Statutes provides that any property in a warehouse upon which the charges have not been paid for 12 months after the same have become due may be sold at public auction by the warehouseman to pay the charges. Section 4779 reads:

"The warehouseman, from the proceeds of the sale, shall pay all the necessary charges and costs of the sale, and shall hold the overplus, if any, subject to the order of the owner, and shall, immediately thereafter, mail to the owner thereof a notice of

said sale, amount due him, if his place of residence be known; and at any time within twelve months after such sale, upon the demand of the owner, the warehouseman shall pay the same to him. All such sums which may be in the hands of the warehouseman, not claimed by the owner for twelve months after such sale, shall be paid into the state treasury which shall be held for a period of two years, subject to the order of the owner or his representatives, upon his or their making satisfactory proof of the rightful ownership of same.''

It will be noted that this statute does not expressly vest the property in the Commonwealth at the expiration of the 2-year period. It is only by implication that such intention is reached. In this connection we approve the following statement in Mathews v. Savings Union Bank & Trust Company, 43 Cal. App. 45, 184 P. 418, 419:

"So obnoxious to the sense of justice is the suggestion that the state may take for its own use the property of one of its citizens, without compensation and without hearing, that, unless the language of a statute is express and unmistakable, courts will not attribute to the co-ordinate law-making body the purpose of invading the common right and violating those fundamental constitutional provisions by which the individual is protected against arbitrary action on the part of the government. The language of the statutes here in question requires no such interpretation."

Appellants concede that the statute is silent as to what shall become of the property after the expiration of the 2-year period, but it is their contention that it was the intention of the Legislature to provide for the escheat of the property to the Commonwealth at the end of that period, and that it should be so construed. It is interesting to note that our Statutes relating to escheats proper provide for reimbursement of the rightful owner whenever he appears and establishes his claim, although, under the statute, the property had vested in the Commonwealth. Kentucky Statutes, secs. 1606, 1609, and 1621. If appellants' contention as to the construction of the statute is correct, then there is a taking of the property of the owner and appropriation by the state without compensation and without a judi-

cial proceeding. Such a purpose should not be attributed to legislation even if it be conceded that the Legislature could validly enact a statute of that character, unless the language of the act is clear and unambiguous, and susceptible of no other construction. Whether or not such legislation would conflict with the due process clause of the Fourteenth Amendment to the Federal Constitution, it is unnecessary to determine, in view of our conclusion that the statute does not attempt to deprive the property owner of the right to reimbursement. The statute, as interpreted by appellants, would at least create a grave and doubtful constitutional question. The rule that, where an act is fairly susceptible of two constructions, one of which will uphold the validity of the act while the other will render it unconstitutional, the one which will sustain the constitutionality of the law must be adopted, is universally applied and needs no citation of authorities. The courts go further, however, and hold that a statute will not be construed so as to raise a grave and doubtful constitutional question if some other construction is open. United States v. Shreveport Grain & Elevator Company, 287 U. S. 77, 53 S. Ct. 42, 77 L. Ed. 175; United States v. La Franca, 282 U. S. 568, 51 S. Ct. 278, 75 L. Ed. 551; State v. Butts, 111 Fla. 630, 149 So. 746, 89 A. L. R. 946; Matthews v. Matthews, 240 N. Y. 28, 147 N. E. 237, 38 A. L. R. 1079; 25 R. C. L. 1002. In Interstate Commerce Commission v. Oregon-Washington Railroad & Navigation Company, 288 U. S. 14, 53 S. Ct. 266, 274, 77 L. Ed. 588, the court said:

"Our duty is to construe the statute, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional, but also grave doubts upon that score."

Here disingenuous evasion is not required to avoid the difficulty. On the contrary, our construction of section 4779 is in accord with the plain and natural significance of the words employed, and coincides with the apparently settled policy of the Legislature to afford the owner of property opportunity to assert his right to reimbursement where the property has been taken by the state as is evidenced by the Statutes relating to escheats. In order to adopt the construction contended for by appellants, it would be necessary to read into the statute words that are not found therein. The statute

252

provides that all sums in the hands of the warehouse-man not claimed by the owner for 12 months after the sale of the stored property shall be paid into the state treasury and held for a period of 2 years, subject to the order of the owner or his representatives, upon his or their making satisfactory proof of the rightful owner-ship of same. The statute is silent as to the disposition of the fund if it is unclaimed during this period. It may be the Legislature intended that the owner must establish his claim thereafter by a proceeding in court, but, be that as it may, we will not assume that it was intended to deprive the owner of his property without compensation and without a judicial proceeding.

The judgment is affirmed.

The whole court sitting.