# Reeves, Commissioner Of Revenue v. Wright & Taylor.

May 27, 1949.

A. E. Funk, Attorney General, Hal Williams, Assistant Attorney General, and William T. Wathen for appellant.

Dodd & Dodd for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, a corporation, owns the Francis Drive-It Garage, and has been engaged for many years in the business commonly known as the U-Drive-It or Rent-A-Car business. It owns and rents sixteen automobiles. On September 22, 1948, it brought a declaratory judgment action in the Franklin Circuit Court against H. Clyde Reeves, Commissioner of Revenue, wherein it sought, first, to have declared unconstitutional Chapter 51 of the Acts of 1948, now KRS 187.640, and, second, if the Act should be declared constitutional to have it construed and the rights of the parties declared on the questions presented by the petition. The defendant in his answer admitted that a bona fide controversy existed, and joined in the prayer of the petition for a declaration of the rights of the parties. The affidavits of C. K. Hughes, manager of the Francis Drive-It Garage, and Albert G. Harrison, an insurance agent, were filed, and by agreement of the parties were treated as the depositions of the affiants. The court adjudged that KRS 187.640 is unconstitutional and void, and the Commissioner has appealed.

At its 1946 session the General Assembly of Kentucky passed a comprehensive act known as the Motor Vehicle Safety-Responsibility Act. Chapter 118 of the Acts of 1946, now sections 187.290 to 187.630, inclusive, of the Kentucky Revised Statutes. Among the purposes of the Act as set forth in the title were these: To promote safe driving and to remove the reckless and financially irresponsible drivers from the highways, to provide for suspension of operator's license and registration certificate for certain offenses, to require operator to offer proof of ability to respond in damages as condition precedent to future licensing or registration, to provide for suspension of operator's license upon failure to furnish security for payment of judgments following accidents, and to provide for the acceptance of insurance

carrier's certificate as proof of ability to respond in damages or a bond with good and valuable security as proof of such ability. Section 21 of the Act, now KRS 187.490, defines a "motor vehicle liability policy," and subsections 1 and 2 of section 34 of the Act, now KRS 187.600(1, 2), read:

"Self-insurance. (1) Any person in whose name more than twenty-five motor vehicles are registered may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the department as provided in subsection (2) of this section.

"(2) The department may, in its discretion, upon the application of such a person, issue a certificate of self-insurance when it is satisfied that such person is possessed and will continue to be possessed of ability to pay judgments obtained against such person."

Section 1 of the Act of 1948, now KRS 187.640, the validity of which is attacked, provides:

"No person shall engage in the business of leasing, renting, or letting out for hire, motor vehicles to be used for the transportation of persons but for which no driver is furnished, such business being commonly known as the 'U-Drive-It' or 'Rent-A-Car' business, until he has filed with the Department of Revenue an insurance policy, covering the owner as the named assured, and meeting the requirements provided for in KRS 187.490, or has qualified as a self-insurer in the same manner as is provided for in KRS 187.600."

Section 2 imposes a heavy penalty for any violation of the Act. KRS 187.990(5).

Prior to the passage of this Act, one engaged in the business of renting motor vehicles to be used for the transportation of persons but for which no driver was furnished was not liable to a third person for damages growing out of the negligence of the person renting the motor vehicle unless he failed to exercise due care in the selection of the lessee. Sanders Drive-It-Yourself Co. v. Walker, 215 Ky. 267, 284 S. W. 1088; Owensboro Undertaking & Livery Association v. Henderson, 273 Ky. 112, 115 S. W. 2d 563. It is appellant's contention that the Legislature, in enacting KRS 187.640, intended to extend the common law liability of persons engaged in

the U-Drive-It or Rent-A-Car business so as to make them liable to third persons for damages caused by the negligence of the lessee. We do not so read the Act. The statute requires the owner to be insured for the benefit of the public against liability resulting from injury to a third person by reason of the lessee's negligence, and provides that he shall qualify as self-insurer under the provisions of KRS 187.600 or file with the Department of Revenue an insurance policy "covering the owner as the named assured" as required by KRS 187.-490. The lessees are not the agents of the lessors, and the statute does not attempt to make the latter liable for the tortious acts of their lessees under the doctrine of respondeat superior. It merely requires that the responsibility of the lessees be guaranteed either by a liability insurance policy procured by the lessor or by a certificate of self-insurance issued by the Department of Revenue to the lessor.

The validity of the statute is assailed on the ground that it violates sections 1, 2 and 3 of the Bill of Rights of the Constitution of Kentucky and the Fourteenth Amendment of the Constitution of the United States. This is upon the theory that only persons owning more than twenty-five motor vehicles are permitted by the statute to qualify as self-insurers, and the classification is unreasonable, arbitrary and capricious. The answer is, the statute does not make such a classification, consequently it is unnecessary to determine the effect of such a classification on the validity of the statute if one had been made. In considering the validity of the statute in question, we are confronted at the outset by the settled rule that any doubt regarding the constitutionality of a statute must be resolved in favor of its constitutionality, Gaines v. O'Connell, 305 Ky. 397, 204 S. W. 2d 425, Johnson v. Commonwealth, 291 Ky. 829, 165 S. W. 2d 820, and where a statute is susceptible of two constructions, one of which will render it unconstitutional and the other valid, the latter will be adopted. Kenton & Campbell Benevolent Burial Association v. Quinn, 244 Ky. 260, 50 S. W. 2d 554. Furthermore, a statute will not be construed so as to raise a grave and doubtful constitutional question if some other construction is open. Shannon, Auditor, v. Herringer, 271 Ky. 248, 111 S. W. 2d 603. Only persons owning more

than twenty-five motor vehicles are permitted to qualify as self-insurers under subsection 1 of section 187.600 of the Kentucky Revised Statutes, but we are convinced the Legislature did not intend to incorporate this subsection in the Act in question when it provided that a person engaged in the U-Drive-It business might qualify "as a self-insurer in the same manner as is provided for in KRS 187.600." Subsection 2 of section 187.600 provides the manner in which a certificate of self-insurance may be obtained, and this was what the Legislature intended to incorporate by reference in the 1948 Act. It follows that there was no discrimination between persons engaged in the U-Drive-It business based on the number of motor vehicles owned and rented.

Appellee also argues that the Act in question is invalid because it discriminates in favor of the general public as against all U-Drive-It companies. There can be no doubt that the business of leasing automobiles to be driven by the lessees upon the public highways is one properly subject to classification and to regulation under the police power. Louisville Taxicab & Transfer Company v. Blanton, 305 Ky. 179, 202 S. W. 2d 433, 175 A. L. R. 1329; Maupin v. City of Louisville, 284 Ky. 195, 144 S. W. 2d 237; Covey Drive Yourself & Garage v. City of Portland, 157 Ore. 117, 70 P. 2d 566; Driveless Car Co. v. Armstrong, 91 Colo. 334, 14 P. 2d 1098. In Hodge Drive-It-Yourself Co. v. City of Cincinnati, 123 Ohio St. 284, 175 N. E. 196, 199, 77 A. L. R. 889, the validity of an ordinance very similar to the statute here under consideration was involved. The Supreme Court of Ohio, in holding the ordinance constitutional, said:

"The fact that automobiles of this class are operated by persons who have no ownership in the operated automobiles—and that they operate under a contract which exempts the owner from the application of the doctrine of respondeat superior, which operation has been found by the experience of insurance companies and insurance men skilled in the occupation of determining degrees of hazard to be extra hazardous to the public— is quite sufficient to warrant a classification of this character of automobiles, separate from all others, and to warrant a reasonable regulation of the class."

The syllabus prepared by the court reads:

"A separate classification, for regulation purposes, of automobiles kept and used for the purpose of renting them, to be driven by the lessees upon the public streets, is not an unreasonable classification."

The Hodge case was appealed to the Supreme Court of the United States and there affirmed. In the course of its opinion the Supreme Court said:

"There is nothing on the face of the ordinance or in the evidence or findings below to warrant the conclusion that the classification, sec. 65-1 b, is capricious, arbitrary, or so lacking in foundation as to contravene the equal protection clause." Hodge Drive-It-Yourself Company v. City of Cincinnati, 284 U. S. 335, 52 S. Ct. 144, 145, 76 L. Ed. 323.

The plaintiff alleged in its petition that it had endeavored to procure the insurance required by the statute, but had found no insurance company willing to execute or deliver to it a policy that would comply with KRS 187.490. It further alleged that no method of insurance for such a risk has yet been provided, and none can be provided except at such premiums as are confiscatory and will destroy the business of plaintiff as well as other companies engaged in the U-Drive-It business. These allegations are supported by the two depositions filed in the case. Since we hold that all persons engaged in the U-Drive-It business regardless of the number of motor vehicles owned and rented may apply for a certificate of self-insurance, appellee is not limited to the procurement of an insurance policy as provided for in KRS 187.490. However, inability of one of the class to comply with the statutory requirements would not render the statute invalid. As was said in Hodge Drive-It-Yourself Co. v. City of Cincinnati, supra:

"The fact, if it be a fact, that the peculiar circumstances of the plaintiffs are such that because thereof they have not the ability to comply with the provisions of the ordinance as to bond, does not militate against the validity of the ordinance so long as they have the same opportunity to comply with the ordinance that other members of the class have and the ordinance has for its reasonable purpose the preservation of the public safety, health, and welfare."

One of the questions propounded in the petition but not referred to in briefs is whether or not a person in the U-Drive-It business, by complying with KRS 187.-600, is engaged in the insurance business and required to comply with the insurance laws of Kentucky. Persons engaged in the U-Drive-It business use the public highways, and the act in question provides protection to third parties from tortious acts resulting from the operation of the business. As heretofore stated, the statute does not undertake to enlarge the common law liability of persons engaged in the U-Drive-It business and to fix upon them personal liability for the torts of their lessees. What the statute does require is that lessors, such as appellee, who do business upon the highways for a profit give security that their lessees shall respond in damages for the latters' torts. Clearly, the owner of the leased automobiles is not engaged in the insurance business when he procures a certificate of self-insurance from the Department of Revenue in lieu of a liability insurance policy. The certificate merely shows that he has produced evidence of financial responsibility.

Summarizing our conclusions: (1) Section KRS 187.640 does not violate any provisions of the State or Federal Constitutions; (2) the statute does not extend the common law liability of the lessor, but requires him to furnish proof of financial responsibility to the extent and in the manner set forth before engaging in business; (3) the lessor is not engaged in the insurance business when he procures a certificate of self-insurance.

The judgment is reversed.