248 So.2d 108

Ernest L. TOENES, Treasurer of Mobile County,

v.

Owen E. McDONNELL, Admr., etc.

1 Div. 660.

Supreme Court of Alabama.

May 13, 1971.

James C. Wood, Mobile, for appellant.

Kilborn, Darby & Kilborn, Mobile, for appellee.

MERRILL, Justice.

This is an appeal by the Treasurer of Mobile County from a decree ordering said Treasurer to pay $1,480.54 to the appellee, Owen E. McDonnell, administrator of the estate of Emma Josephine McAndrew Rehfuss.

It is stipulated that Emma Rehfuss was due $1,480.54 as her share of the proceeds of certain property which was sold for division in 1951; that she failed to claim her share; that she disappeared in 1959 and was declared dead by the probate court in February, 1970; that the money had been paid by the register of the circuit court, in equity, to the county treasurer in January, 1957, pursuant to Tit. 58, § 37, Code 1940;

that the county treasurer had held the money for more than thirteen years prior to the filing of a motion to recover the money by the administrator on August 21, 1970, and that notice of the paying of the money by the register to the county treasurer was never given to Emma Rehfuss, her kin, or the administrator of her estate.

Title 58, § 37 provides for the paying over of funds which have been unclaimed for a period of five years by an officer to the treasury of the county, and that "a separate account shall be kept of all such payments and so designated as to identify each transaction."

This appeal involves only one issue: the correct construction and application of Tit. 58, § 38, Code 1940, which provides:

"Any person entitled to any amount so paid into the treasury or any part thereof may within ten years after such payment into the treasury recover the amount to which he may be entitled, without interest, by obtaining an order from the court under whose order the same was paid into the treasury. Such order may be made by the court on summary motion against the probate judge of the county after five days' notice unless the court for sufficient reasons continues the hearing to a further time."

Appellant argues that the ten-year period under § 38 operates like a statute of limitations; and that as a result of the failure of the deceased or her administrator to claim the money during the ten-year period, from January 4, 1957 to January 4, 1967, the title to the funds is now in the county, the time for recovery presumably having ended.

The effect of appellant's argument is to read an escheat provision into the statute. We cannot agree. We think the legislature merely provided a speedy method—filing a motion—to secure funds held in the county treasury in trust for the true owner. But it does not contain an escheat provision. Appellant has not cited any case in

**64**

brief where a statute similar to ours has been enlarged to an escheat statute by any appellate court.

In a fairly recent case, one court noted that any doubt as to whether certain property is subject to escheat is resolved against the State. See Kutner Buick, Inc. v. Strelecki, 111 N.J.Super. 89, 267 A.2d 549. And in a decision analogous to the instant case, Shannon v. Heringer, 271 Ky. 248, 111 S.W.2d 603, the court construed a Kentucky statute which provided that money in the hands of a warehouseman not claimed for twelve months after sale of the stored property for charges due, "shall be paid into the state treasury which shall be held for a period of two years, subject to the order of the owner or his representatives, upon his or their making satisfactory proof of the rightful ownership of same." The court made the following observations:

> "It will be noted that this statute does not expressly vest the property in the Commonwealth at the expiration of the 2-year period. It is only by implication that such intention is reached. * * *
>
> * * * * * *
>
> " * * * The statute is silent as to the disposition of the fund if it is unclaimed during this period. * * *"

The court held the money did not escheat. The rationale was that it was better to assume that the legislature intended that after the two years ran an owner must establish his claim in a court proceeding, rather than to assume that the legislature intended the funds should escheat to the State after the two-year period.

In the instant case, we do not read an escheatment provision into § 38. We think that section merely provides one simple nonexclusive procedure to procure funds due a claimant which are held by a designated public official. Furthermore, we do not think the trial judge was in error in granting the appellee's summary motion although that motion was made after the ten-year period. There was an adversary proceeding in which the Treasurer of Mobile County was represented by counsel, and the rights of all parties were determined after a full and complete hearing. We find no reversible error in the court's action.

Affirmed.

HEFLIN, C. J., and LAWSON, HARWOOD and MADDOX, JJ., concur.