568 P.2d 1123

The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, Appellant,

v.

The AETNA CASUALTY AND SURETY COMPANY, a Connecticut Corporation, and Frederick J. Miller and Marjorie Miller, husband and wife, Appellees.

Frederick J. MILLER and Marjorie Miller, husband and wife, Cross-Appellants,

v.

AETNA CASUALTY AND SURETY COMPANY, a Connecticut Corporation, Cross-Appellee.

No. 1 CA–CIV 3180.

Court of Appeals of Arizona, Division 1, Department A.

June 16, 1977.

Rehearing Denied July 15 and July 20, 1977.

Review Denied Sept. 15, 1977.

Fennemore, Craig, von Ammon & Udall, P.C. by Michael Preston Green, Ruth V. McGregor, Phoenix, for Mountain States Telephone & Telegraph Co.

Meadow & Nastro by Daniel E. Nastro, Phoenix, for Millers.

Black, Robertshaw, Frederick, Copple & Wright, P.C., by Steven D. Copple, Phoenix for Aetna.

OPINION

WREN, Judge.

This appeal presents the novel questions of (1) whether an employee may bring action against his employer for uninsured motorists benefits when he has previously accepted workmen's compensation benefits from that employer and (2) whether an Arizona employer who has qualified as a self-insurer under A.R.S. § 28–1222 is required by A.R.S. § 20–259.01 to provide

uninsured motorist coverage for an employee injured by a negligent non-employee uninsured motorist.

The facts are not in dispute. Frederick J. Miller (Miller), while in the course and scope of his employment with Mountain States Telephone and Telegraph Company (Mountain Bell) and while driving a company vehicle, sustained a personal injury in a collision with an uninsured motorist on March 28, 1974. He thereafter filed a declaratory judgment action requesting a judicial determination as to whether Mountain Bell, a self-insurer, or the Aetna Casualty and Surety Company (Aetna), carrier of Miller's personal automobile liability policy, was liable to provide Miller the $15,000 uninsured motorist coverage required by A.R.S. § 20–259.01 to be included in any policy of motor vehicle liability coverage.

Mountain Bell moved to dismiss Miller's action on the basis that it was barred by the "exclusive remedy" provision of the Arizona Workmen's Compensation Law; or alternatively, because an Arizona self-insured employer is not required by A.R.S. § 20–259.01 to provide uninsured motorist protection to its employees.

Aetna cross-claimed against Mountain Bell and filed a motion for judgment on the pleadings. Aetna asserted that Mountain Bell by virtue of its certificate of self-insurance provided uninsured motorist coverage to Miller and that such coverage was primary whereas Aetna's policy merely provided excess coverage.

The issues were ultimately disposed of by the court entering summary judgment in favor of Miller and against Mountain Bell and in favor of Aetna and against Miller, premised on the determination that as a matter of law Mountain Bell must provide uninsured motorists benefits to Miller. Mountain Bell has appealed from the judgments entered in favor of Aetna and Miller and Miller has appealed from the judgment entered in favor of Aetna.

At the time of the accident, Mountain Bell was qualified as a self-insurer pursuant to § 28–1222 under the Arizona Motor Vehicles Safety Responsibility Act. Aetna's policy covering Miller provided uninsured motorist coverage as required by § 20–259.01.

We have determined that an employer who has qualified as a self-insurer under A.R.S. § 28–1222 is not required by A.R.S. § 20–259.01 to provide uninsured motorist coverage for an employee injured in a vehicular accident by a negligent uninsured party who is not a coemployee and therefore do not reach the exclusive remedy issue.

Under § 28–1222, A.R.S., a person or corporation:

" . . . in whose name more than twenty-five motor vehicles are registered may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the superintendent . . . "

The certificate remains effective until cancelled "upon reasonable grounds" and there is no statute specifying a procedure for renewal.

Prior to 1966, Arizona did not require that motor vehicle liability insurance policies include uninsured motorist coverage. In that year, the Arizona Legislature enacted § 20–259.01.[1]

---

1. § 20–259.01 INSURANCE
§ 20–259.01. Coverage to include protection from operators of uninsured motor vehicles; right of rejection; supplemental or renewal policy
A. On and after January 1, 1966, no automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle, shall be delivered or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in § 28–1142, under provisions filed with and approved by the insurance director, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. For the purposes of the coverage provided for pursuant to this section, "uninsured motor vehicles", subject to the terms and conditions of such coverage, includes any insured motor vehicle where the liability insurer thereof is un-

The language of the statute that uninsured motorist coverage be provided on an " . . . automobile liability or motor vehicle liability policy . . . " is urged by the appellant as mandatory uninsured motorist coverage only as an adjunct to a *policy of insurance* providing motor vehicle liability coverage. We agree.

Even a cursory reading of A.R.S. § 20–259.01 reveals that it does not require or even intimate that a self-insurer must provide uninsured motorist coverage for its employees.

No *"policy of insurance"* is issued in a case of a corporation acting as a self-insurer; only a certificate of self-insurance. There is no contract or agreement between an insurer and an insured. "Motor vehicle liability policy" as defined under A.R.S. § 28–1170, A "motor vehicle liability policy" is:

"an owner's or operator's policy of liability insurance . . . issued . . . by an *insurance carrier* duly authorized to transact business in this state, to or for the benefit of the person named therein as insured." A.R.S. § 28–1170(A) (Emphasis added).

Clearly Mountain Bell as a self-insurer cannot be regarded under the laws of Arizona as an insurance carrier. We therefore hold that § 20–259.01 is inapplicable to the accident here.

Our conclusion in that regard is not without precedent. In *Reeves v. Wright & Taylor*, 310 Ky. 470, 220 S.W.2d 1007 (1949), a Kentucky court, faced with the question of whether a self-insurer was also required to comply with insurance laws of Kentucky, concluded:

able to make payment on the liability of its insured, within the limits of the coverage, because of insolvency.
B. Every insurer writing automobile liability or motor vehicle liability policies, as provided in subsection A of this section, shall also make available to the named insured thereunder, at his option, additional uninsured motorist coverage in order to provide limits of coverage of at least three times the amounts set forth in § 28–1142.

"clearly, the owner of the leased automobiles is not engaged in the insurance business when he procures a certificate of self-insurance from the Department of Revenue in lieu of the liability insurance policy. A certificate merely shows that he has produced evidence of financial responsibility." 220 S.W.2d at 1010.

In *Johnson v. Yellow Cab Company of Philadelphia*, 456 Pa. 256, 317 A.2d 245 (1974) the Pennsylvania Supreme Court considered a situation identical in all material respects to the instant situation. In *Johnson* the plaintiffs were passengers in a taxi cab which was struck by an uninsured motorist. The complaint against the defendant-owner of the cab alleged no facts indicating any negligent conduct. The plaintiffs argued, however, that a statutory cause of action existed under the Pennsylvania Uninsured Motorist Act which required the defendant, a self-insurer, to carry uninsured motorist coverage unless such coverage had been rejected in writing. Rejecting such a contention the court held:

"The appellants have alleged that the appellee is self-insured but they have not alleged the existence of any *liability policy of insurance.* This precludes any cause of action under the Uninsured Motorist Liability Act since that Act applies *only* when a *liability policy of insurance is delivered or issued for delivery.* If no *liability policy of insurance* exists, that Act does not apply. One who is self-insured does not have a *liability policy of insurance.* Such a policy is a *contract* involving at least two parties—an *insurer* and an *insured.* The allegation that the appellee is self-insured negates any possible inference that a *liability policy of insurance* exists." 317 A.2d at 247 (emphasis in original).

C. Notwithstanding the provisions of subsections A and B of this section every insurer writing automobile liability or motor vehicle liability policies may but need not make available the coverages required by subsections A and B of this section to owners and operators of motor vehicles which are used as public or livery conveyances or rented to others or which are used in the business primarily to transport property or equipment.

228

The judgments of the trial court are reversed with instructions that judgment be entered in favor of Mountain Bell and against Aetna and Miller; and in favor of Miller against Aetna.

NELSON, P. J., and HAIRE, J., concur.