735 P.2d 218 (1987)
John A. WHITE, a minor by his Mother and next Friend, Debbie SCOTT, Plaintiff-Appellant,
v.
REGIONAL TRANSPORTATION DISTRICT, a Subdivision of the State of Colorado, Defendant-Appellee.
No. 85CA0943.
Colorado Court of Appeals, Div. III.
February 19, 1987.
Trimble, Tate & Nulan, King M. Trimble, Denver, for plaintiff-appellant.
Donald C. Deagle, Denver, for defendant-appellee.
METZGER, Judge.
The sole issue presented by this appeal is whether a holder of a certificate of self-insurance is required to provide uninsured motorist coverage for the passengers in its vehicles. We conclude that it is not and, thus, affirm the summary judgment entered in favor of defendant, Regional Transportation District (RTD), and against plaintiff, John A. White.
Plaintiff was injured when the RTD bus in which he was a passenger was involved *219 in an accident with an automobile. The uninsured driver of the automobile negligently caused the accident when she failed to yield the right-of-way to the RTD bus.
Plaintiff received personal injury benefits under § 10-4-706, C.R.S. (1986 Cum. Supp.), but filed this action seeking additional remuneration. Plaintiff's complaint alleged that RTD was required to carry uninsured motorist coverage and that he was entitled to be compensated thereunder. Both parties filed motions for summary judgment. RTD supplied a supporting affidavit showing that it held a certificate of self-insurance and argued that, because it was self-insured, it was not required to provide uninsured motorist coverage in addition. The trial court agreed, and granted RTD's motion for summary judgment.
On appeal, plaintiff contends that § 10-4-609(1), C.R.S. (1986 Cum.Supp.), which requires insurance companies writing motor vehicle liability policies to extend uninsured motorist coverage to the insured, applies equally to those holding a certificate of self-insurance. We disagree.
Courts in the majority of states confronted with this issue have concluded that a certificate of self-insurance is not an insurance policy and, thus, self-insurers are not required to obtain uninsured motorist coverage in the absence of a statutory provision requiring it. Mountain States Telephone & Telegraph Co. v. Aetna Casualty & Surety, 116 Ariz. 225, 568 P.2d 1123 (Ct.App.1977); O'Sullivan v. Salvation Army, 85 Cal.App.3d 58, 147 Cal.Rptr. 729 (1978); Hill v. Catholic Charities, 118 Ill. App.3d 488, 74 Ill.Dec. 153, 455 N.E.2d 183 (1983); Jordan v. Honea, 407 So.2d 503 (La.App.1981); Shelton v. American Re-Insurance Co., 210 Va. 655, 173 S.E.2d 820 (1970). See generally Annot., 27 A.L.R.4th 1266 (1984).
We elect to follow the majority rule. In our view, a certificate of self-insurance is not an "insurance policy." The former is issued by the state to those qualifying, while the latter is a contract entered into between an insurance company and the insured, and places duties and obligations upon each of them.
The General Assembly's failure to include any reference to a certificate of self-insurance in any of the statutes dealing with uninsured motorist coverage evidences its intent not to require self-insurers to obtain uninsured motorist coverage. Section 10-4-609(1), C.R.S. (1986 Cum. Supp.), which obligates insurance companies to offer uninsured motorist coverage, makes no mention of certificates of self-insurance. Concomitantly, §§ 10-4-716, C.R.S. and 42-7-501, et seq., C.R.S. (1984 Repl. Vol. 17), which detail the manner in which a certificate of self-insurance is obtained, contain no provisions regarding uninsured motorist coverage.
The financial responsibility and uninsured motorist statutes constitute a broad and comprehensive scheme to protect citizens from negligent and financially irresponsible drivers. However, that fact cannot justify judicial legislation in this area. Thus, we will not impose a requirement that self-insureds be required to obtain uninsured motorist coverage in the absence of a legislative declaration.
Indeed, were we to do so, we would be treating self-insureds differently from those who have obtained automobile liability insurance policies. Section 10-4-609(1), C.R.S. (1986 Cum.Supp.) authorizes an insured to reject uninsured motorist coverage at the time he applies for an automobile liability insurance policy. However, because §§ 10-4-716 and 42-7-501, et seq., do not mention uninsured motorist coverage, a self-insurer would have no opportunity to reject it. Thus, to require a self-insurer to provide mandatory uninsured motorist coverage would result in the anomalous situation in which a self-insurer would be obligated to maintain broader coverage than one who had a policy of insurance.
Consequently, the trial court correctly entered summary judgment in favor of RTD and that judgment is affirmed.
VAN CISE and BABCOCK, JJ., concur.