## 42943. TWYMAN et al. v. ROBINSON et al.

(342 SE2d 313)

Smith, Justice.

We granted certiorari in this case to consider whether a plan of self-insurance for vehicle liability must include uninsured motorist coverage. The Court of Appeals, in *Twyman v. Robinson*, 176 Ga. App. 687 (337 SE2d 375) (1985), held that uninsured motorist coverage is not required in a plan of self-insurance. We disagree and reverse.

Ricky Robinson's car, which was uninsured, collided with the Twymans' car, which was covered by a plan of self-insurance created and administered by the Atlanta Car For Hire Association, Inc. Mr. Twyman and his daughter filed separate suits against Robinson. They also filed suit against Atlanta Car to recover under the uninsured motorist coverage that they felt was included in the self-insurance plan. The trial court and the Court of Appeals ruled that self-insurers are not required by law to provide uninsured motorist coverage.

Three statutes relate closely to this action. OCGA §§ 33-34-2 (12) and 40-9-101 set out the requirements for a valid plan of self-insurance. OCGA § 33-7-11 determines the extent of uninsured motorist coverage required in motor vehicle liability policies.

OCGA §§ 33-34-2 (12) and 40-9-101 mandate that self-insurance plans "provide coverages, benefits, and claims handling procedures substantially equivalent to those afforded by a policy" of motor vehicle insurance in compliance with Title 33, Chapter 34 of the OCGA. OCGA § 33-7-11 requires every "automobile liability policy or motor vehicle liability policy" to contain "an endorsement or provisions undertaking to pay the insured all sums which he shall legally be entitled to recover as damages from the owner or operator of an uninsured motor vehicle," except where the insured rejects the minimum coverage in writing.

Courts in Pennsylvania and Arizona have adopted opposing interpretations of statutes with wording similar to these statutes. The Court of Appeals of Arizona held that a plan and certificate of self-insurance do not constitute a "policy" for the purposes of the Arizona statute that requires uninsured motorist coverage in every "automobile liability or motor vehicle liability policy." *Mountain States Tel. &c. Co. v. Aetna Cas. &c. Co.*, 116 Ariz. 225 (568 P2d 1123) (1977).[1] The court thus held that "[e]ven a cursory reading of A.R.S. § 20-259.01 reveals that it does not require or even intimate that a self-insurer must provide uninsured motorist coverage for its employees." Id. at 227.

---

[1] The Arizona and Pennsylvania statutes may be read as identical to the relevant Georgia statutes for the purposes of this opinion.

The Supreme Court of Pennsylvania, in *Modesta v. Southeastern Pennsylvania Transp. Auth.*, 469 A2d 1019, 1021 (Pa. 1983), overruled an earlier decision, *Johnson v. Yellow Cab Co.*, 456 Pa. 256 (317 A2d 245) (1974),[2] which had held that "the [Pennsylvania] Uninsured Motorist Act [did] not require self-insurers to provide uninsured motorist coverage because the statute applie[d] only to 'liability policies of insurance,' and self-insurers do not have or purchase 'liability policies of insurance. [Cit.]" The court held that "the sole purpose of self-insurance is to relieve self-insurers of the burden of expending their assets on insurance premiums; self-insurance is not a means by which self-insurers may avoid the claims of those individuals for whose protection the insurance laws have been enacted." *Modesta,* supra at 1022.

The court went on to find, in addition, that the portion of the Pennsylvania No-Fault Act which set out the standards for all plans for self-insurance required that such plans include uninsured motorist coverage. 40 PS § 1009.104(a) states that prior to receiving a certificate of self-insurance, a potential self-insurer must provide the Insurance Commissioner "evidence that reliable financial arrangements . . . exist providing assurance substantially equivalent to that afforded by a contract of insurance complying with [the No-Fault Act] for payment of no-fault benefits, any required tort-liability, and performance of all other obligations imposed in accordance with this act." The Pennsylvania court held that the self-insurance plan and certificate serve as "simply a substitute for the policy of insurance which the vehicle owner would otherwise have to buy in order to comply with the No-Fault Act." Id. at 1024.

In Georgia, as in Pennsylvania, a plan and certificate of self-insurance serve as the substantial equivalent of a no-fault policy for the purposes of the no-fault act. OCGA § 33-34-12 (2). Since the Uninsured Motorist Act in Georgia must be liberally construed, *Smith v. Commercial Union Assurance Co.*, 246 Ga. 50 (268 SE2d 632) (1980), we hold that a plan and certificate of self-insurance serves as the substantial equivalent of an insurance "policy" for the purposes of OCGA § 33-7-11, as well. Unless the plan of self-insurance submitted to the commissioner of public safety "reject[s] the minimum [uninsured motorist] coverage in writing," OCGA § 33-7-11 (a) (3), such coverage will thus be implied as contained in the plan of self-insurance.

Each self-insurer, a group which may include public transportation authorities, rental car agencies, and cab companies, will accordingly have to inform the public, through the commissioner of public

---

[2] The *Mountain States* court had cited *Johnson* in support of its ruling. *Mountain States,* supra at 227.

safety, when the self-insurer wishes to deny its patrons and employees uninsured motorist coverage.

*Judgment reversed. All the Justices concur, except Marshall, C. J., who dissents, and Hunt, J., not participating.*

MARSHALL, Chief Justice, dissenting.

I am aware of the need for changes in the statutes governing self-insurance; however, I cannot agree with the remedy fashioned by the majority.

The majority engages in legislating in writing into the statute provisions that are not in it now, namely, that a plan of self-insurance must reject the minimum uninsured-motorist coverage or have such coverage implied in the plan. This is a matter for the General Assembly and not for this court.

I therefore respectfully dissent.

DECIDED APRIL 24, 1986 —
RECONSIDERATION DENIED MAY 6, 1986.

*Greer, Klosik & Daugherty, Frank J. Klosik, Jr., Frederick M. Valz III,* for appellants.

*William A. Dinges, William D. Strickland,* for appellees.

*Barry R. Brown, James B. Matthews III,* amici curiae.