A90A0900. NATIONAL SERVICES INDUSTRIES, INC. v.
GREAT GLOBAL ASSURANCE COMPANY et al.
A90A0901. HUTCHISON et al. v. GREAT GLOBAL ASSURANCE
COMPANY et al.
(401 SE2d 286)

BANKE, Presiding Judge.

Welber and Marilyn Hutchison filed the present action against Philip Banks, Steven Banks, and National Services Industries, Inc., d/b/a North Brothers Insulation (NSI), seeking to recover for personal injuries allegedly sustained by Mr. Hutchison when an automobile he was driving was involved in a collision with an NSI vehicle being driven by Steven Banks. The Hutchisons' automobile insurance carriers, Transamerica Insurance Company and Great Global Assurance Company, were served with copies of the complaint in their capacity as providers of uninsured motorist coverage, and each filed defensive pleadings in its own name. A previous appeal by the Hutchisons and a cross-appeal by NSI were dismissed on jurisdictional grounds in *Hutchison v. Nat. Svcs. Indus.*, 191 Ga. App. 885 (383 SE2d 212) (1989).

Upon the return of the case to the trial court, Transamerica Insurance Company and Great Global Assurance Company moved for summary judgment to determine the nature and extent of their obligations under the uninsured motorist coverage provisions of the Hutchisons' policies, while NSI, having previously been awarded summary judgment on each of the various other theories upon which the

Hutchisons sought to hold it liable for the accident, such as respondeat superior and negligent entrustment, moved for summary judgment on the issue of whether it could be considered liable for Steven Banks' alleged negligence based on its status as self-insurer of the truck he had been driving. Treating these motions as requests for declaratory relief, the trial court ruled that NSI would be obligated under its plan of self-insurance to pay the full amount of any judgment entered against Banks and that the Hutchisons' insurance carriers consequently had no potential liability under the uninsured motorist provisions of the policies in question. The case is before us on separate appeals by NSI and the Hutchisons from that ruling. In its appeal, NSI additionally enumerates as error the previous denial of its request for partial summary judgment on the issue of whether it was properly subject to suit in the present action in its capacity as a self-insurer.

It is apparent without dispute that Steven Banks was an employee of NSI at all times relevant to this action and that on the day of the accident he had received express permission to use the truck from his supervisor, Philip Banks, who was also his brother. However, it is also undisputed that the scope of this permission extended only to transporting NSI workers to and from a job site and that the accident occurred as he was returning from an unauthorized personal mission. The trial court's earlier grant of summary judgment to NSI with respect to its liability based on such theories as respondeat superior and negligent entrustment is not challenged in this appeal. *Held*:

1. We first address NSI's contention that it was not subject to suit in the present action in its capacity as a self-insurer. As a general rule "[a]n insurer may not be joined as a party defendant with the insured and sued directly, [cits.], unless a judgment has previously been obtained against the insured which is unsatisfied or liability has been otherwise fixed, [cits.], or unless a provision in the policy permits it, [cits.], or unless specifically permitted by statute as in the case of common carriers and contract motor carriers, [cits.]. . . ." *Seaboard Coast Line R. Co. v. Freight Delivery Svc.*, 133 Ga. App. 92, 95 (3) (210 SE2d 42) (1974). The Georgia Supreme Court has declared that "a plan and certificate of self-insurance serves as the substantial equivalent of an insurance 'policy' for the purposes of OCGA § 33-7-11, as well [as OCGA § 33-34-12 (2)]." *Twyman v. Robinson*, 255 Ga. 711, 712 (342 SE2d 313) (1986). Applying the general rule that an injured party cannot bring a direct action against an alleged tortfeasor's liability insurer unless and until he has obtained a judgment against the tortfeasor, we hold that once the Hutchisons' other claims against NSI were eliminated from the case, there no longer existed any basis upon which it could be named as a defendant in the present action, with the result that the trial court erred in not dis-

missing it from the case.

2. NSI contends that it cannot be required to indemnify the Hutchisons for Steven Banks' alleged negligence in its capacity as self-insurer of the vehicle he was driving because the evidence of record establishes without dispute that at the time the collision occurred, Banks was in violation of his supervisor's express instructions to him not to use the vehicle for any purpose other than to transport workers to and from the job site. The Hutchisons' uninsured motorist coverage carriers, on the other hand, argue that, with the advent of compulsory liability insurance, the "first instance permission" rule rejected by this court in *Ditmyer v. Amer. Liberty Ins. Co.*, 117 Ga. App. 512 (3) (160 SE2d 844) (1968), became the law of this state, with the result that Steven Banks qualified as a permissive user of the vehicle within the contemplation of OCGA § 33-34-2 (5) so long as he had lawful possession of it, whether or not he was in violation of the instructions given to him governing its use. But see *Select Ins. Co. v. Register*, 192 Ga. App. 145, 147 (384 SE2d 238) (1989) (holding that an employee operating a company vehicle for an expressly forbidden purpose would not be considered an insured under the company's motor vehicle liability insurance policy "even if the first instance permission rule was adopted"). However, under the procedural posture of the present case, we hold that the trial court lacked jurisdiction to address this issue.

Generally speaking, where an uninsured motorist insurance carrier files defensive pleadings in its own name in response to an action by its insured to recover for injuries allegedly caused by an uninsured motorist, it secures the right to seek an adjudication against its insured on coverage issues as well as to defend the claim against the uninsured motorist. See *Tennessee Farmers Mut. Ins. Co. v. Wheeler*, 170 Ga. App. 380, 381 (317 SE2d 269) (1984); *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165, 170 (268 SE2d 676) (1980). Cf. *Knight v. Ga. Farm &c. Ins. Co.*, 184 Ga. App. 312 (3) (361 SE2d 190) (1987). However, it is one thing to permit an uninsured motorist insurance carrier to seek declaratory relief against its own insured in such an action and another thing to permit it to seek declaratory relief involving a non-party to the action, against which it has filed no cross-claim or other pleadings seeking such relief.

We have previously held, in Division 1 of this opinion, that the Hutchisons were not authorized to sue NSI in its capacity as self-insurer of the vehicle Steven Banks was driving without first having obtained a judgment against Banks. Yet, the denial of coverage by the uninsured motorist insurance carriers was itself predicated on NSI's alleged liability to the Hutchisons in its capacity as a self-insurer. Clearly, an uninsured motorist insurance carrier does not acquire the right to obtain a declaratory judgment against another insurer which

is not properly before the court as a party to the litigation merely by virtue of having filed defensive pleadings in its own name. Under the circumstances, we conclude that in order to obtain a binding judicial declaration of non-coverage based on a determination that Steven Banks was insured under NSI's certificate of self-insurance and was therefore not an uninsured motorist, the uninsured motorist carriers were required to file a separate declaratory judgment action in which NSI could be named as a defendant along with the Hutchisons. Accordingly, we hold that the trial court erred in granting declaratory relief to Transamerica Insurance Company and to Great Global Assurance Company on the issue of their liability for uninsured motorist benefits.

3. NSI's remaining enumeration of error is rendered moot by the foregoing.

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED NOVEMBER 21, 1990 —
REHEARINGS DENIED DECEMBER 17, 1990 AND DECEMBER 28, 1990 —

*McLain & Merritt, Albert J. Decusati,* for National Services.
*Bennett, Williams & Henry, Michael T. Bennett,* for Hutchison.
*Long, Weinberg, Ansley & Wheeler, James S. Strawinski, Yvette M. Chapman, Steven D. Barnhart,* for Great Global.