## A91A2178. PROCTOR v. RAPID GROUP, INC.
(416 SE2d 774)

SOGNIER, Chief Judge.

Elden Proctor brought suit against Rapid Group, Inc. seeking insurance benefits he claimed were payable to him after a vehicular ac-

cident involving the taxicab he was driving. The trial court granted summary judgment to Rapid Group, and Proctor appeals.

The relevant facts are not disputed. Appellee operated a self-insurance plan for several taxicab companies and at the time in issue held a self-insurance certificate issued by the Department of Public Safety under a former version of OCGA § 33-34-2 (12).[1] Appellant, who owned his taxicab, agreed with University Cab Company d/b/a Yellow Cab to operate his cab as a Yellow Cab. Pursuant to this agreement, appellant paid Yellow Cab a sum certain each month, a portion of which Yellow Cab tendered to appellee to cover appellant's cab under the self-insurance plan. In return, appellee issued to appellant an automobile insurance card. In December of 1983 appellant was injured in a collision while driving his cab. He submitted proof of loss and made claim upon appellee for benefits, and appellee eventually paid appellant a total of $5,000 in no-fault benefits. Appellant subsequently tendered additional premium and demanded optional PIP benefits, claiming that he had not been offered the option of purchasing additional PIP. See *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 710-712 (1) (300 SE2d 673) (1983). After appellee refused the demand, appellant filed this action.

1. Appellant first contends the trial court erred by granting summary judgment to appellee because appellee did not meet the requirements for entitlement to a self-insurance certificate, at least as to appellant, because it did not "operate" appellant's cab as required by OCGA § 40-9-101 (a) (2). Appellant argues that as appellee was not properly a self-insurer as to appellant, it is an insurer, see OCGA § 33-1-2 (4), and consequently, under *Flewellen*, supra, was required to offer optional PIP coverage to appellant. We find no merit in this argument.

The accident in issue occurred in 1983. Former Ga. Code Ann. § 68C-602, the predecessor statute to OCGA § 40-9-101 in effect at the time of the accident, did not contain a special provision relating to vehicles for hire equivalent to OCGA § 40-9-101 (a) (2). Former Ga. Code Ann. § 68C-602 did not require that a self-insurer "operate" the vehicles it insures, but provided only that "[a]ny person in whose name one or more vehicles are registered in this State may qualify as a self-insurer by obtaining a certificate of self-insurance from the [D]epartment [of Public Safety]." Id. at (a). Since it is uncontroverted that appellant's cab was registered in the names of both appellant and appellee, appellee met the requirements for a self-insurer

---

[1] In 1989, OCGA § 33-34-2 (12), defining "self-insurer," was amended to require filing of a self-insurance plan with the Commissioner of Insurance rather than the Commissioner of Public Safety, Ga. Laws 1989, p. 14, § 33, and was repealed effective October 1, 1991. Ga. Laws 1991, p. 1608, § 1.12.

under the law in effect at the relevant time.

2. Appellant also maintains the trial court erred by relying on *Twyman v. Robinson*, 255 Ga. 711 (342 SE2d 313) (1986) in granting summary judgment to appellee because *Twyman* is distinguishable from this case in several respects. In *Twyman*, which involved the issue whether a plan of self-insurance must include uninsured motorist coverage, the Supreme Court held that "a plan and certificate of self-insurance serve as the substantial equivalent of a no-fault policy," id. at 712, and thus must include such coverage "[u]nless the plan of self-insurance submitted to the commissioner of public safety 'reject(s) the minimum . . . coverage in writing,' [cit.]. . . . Each self-insurer, a group which may include . . . cab companies, will accordingly have to inform the public, through the commissioner of public safety, when the self-insurer wishes to deny its patrons and employees uninsured motorist coverage." Id.

The trial court reasoned that although the case sub judice concerned optional PIP rather than uninsured motorist coverage, the rationale used by the Supreme Court in *Twyman* was persuasive. We agree. Given the Supreme Court's holding in *Twyman* that a self-insurer may decline to include uninsured motorist coverage in its plan despite the language in OCGA § 33-7-11 requiring such coverage "except where the insured rejects" it, it follows that a self-insurer may also decline, in the manner prescribed in *Twyman*, to offer optional PIP coverage despite the language in OCGA § 33-34-5 requiring it to offer such coverage. In its plan filed with the Department of Public Safety, appellee had both outlined the maximum no-fault benefits available and stated specifically elsewhere in the plan that "[t]his self-insurance program provides only the basic coverage, and no optional additional coverage." Appellee thus adequately informed the public, including appellant, that its plan provided only basic coverage and excluded optional no-fault benefits,and complied with the obligations of self-insurers as established in *Twyman*.

3. Given that the statute in effect at the time of this incident did not require that a self-insurer be named on the certificate of title to the vehicle, compare OCGA § 40-9-101 (a) (2), we do not agree with appellant that his ownership of the cab makes the facts sub judice materially distinct from those in *Twyman* so as to require a different result.

4. Our holding in Division 2 controls adversely to appellant his argument that in accepting a self-insurance certificate, appellee obligated itself to have a plan providing multiple coverages and benefits as set forth in the language of the Motor Vehicle Accident Reparations Act, OCGA § 33-34-1 et seq., and thus impermissibly limited its coverage to basic PIP coverage. In *Twyman* the Supreme Court permitted such limitation provided the self-insurer notifies the public by

rejecting optional coverage in its plan filed with the Department of Public Safety. *Twyman*, supra at 712-713.

Accordingly, we affirm the trial court's grant of summary judgment to appellee as to appellant's claim for optional PIP.

5. Appellant asserts, and appellee concedes, that the trial court made no ruling regarding appellant's claim under OCGA § 33-7-11 (j) for penalties for appellee's late payment of benefits. Accordingly, the trial court's ruling on the issue of optional PIP was a grant of partial summary judgment, see OCGA § 9-11-56 (d), and the case must be remanded for adjudication of this issue.

*Judgment affirmed in part and case remanded in part. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 20, 1992 —
RECONSIDERATION DENIED MARCH 6, 1992 —

*Jean W. Levy*, for appellant.
*Sidney L. Moore, Jr.*, for appellee.

