A92A0717. AMERICAN ASSOCIATION OF CAB COMPANIES, INC. v. EGEH.

(421 SE2d 741)

POPE, Judge.

Appellee/plaintiff Abdi Egeh was involved in an automobile collision on August 29, 1988. At the time of the collision, plaintiff, a taxi cab driver, was driving a cab owned by his cousin because his cab was not operative at the time. Both plaintiff and his cousin had insurance through the appellant/defendant American Association of Cab Companies, Inc. ("AACC"). It is undisputed that if plaintiff qualified for benefits, no-fault benefits were available to him under the policy administered by AACC.

When the collision occurred, the driver of the other vehicle and plaintiff exchanged insurance information, but did not summon the police to the scene of the accident. Plaintiff did not seek medical attention that day. Although the parties dispute whether plaintiff gave notice to defendant of the collision, the jury was authorized to find that the next day plaintiff called AACC to report the collision and request medical treatment. AACC insisted that plaintiff come to its office and file a written report of the collision. Plaintiff then contacted an attorney who made arrangements with the AACC for plaintiff to see a doctor authorized by them to conduct a medical examination. The doctor selected by the AACC, Dr. Hoffman, examined plaintiff and told him there was nothing wrong with him.

Plaintiff again contacted his attorney, who made arrangements for plaintiff to visit a chiropractor, Dr. Jane Dinerman. Dr. Dinerman treated plaintiff and referred him to Dr. D'Auria, a medical doctor specializing in orthopedics, who also treated him. He returned to work approximately six weeks after the accident. Plaintiff filed an application for personal injury protection benefits with AACC and submitted his medical bills from Doctors Dinerman and D'Auria, as well as a claim for lost wages. AACC denied the claim. Plaintiff then filed this action against AACC alleging it wrongfully denied the claim and seeking payment of his medical bills, lost wages, penalties and punitive damages pursuant to OCGA § 33-34-6, and expenses, including attorney fees.

This case was tried before a jury which returned a verdict in favor of plaintiff and awarded him $2,577 for medical expenses and lost wages, $644.25 as statutory penalties, $15,000 as punitive damages, and $7,111 as attorney fees. AACC appeals the judgment and

the denial of its motion for judgment notwithstanding the verdict or alternatively for new trial.

1. Defendant argues the trial court erred by granting the plaintiff's motion in limine to prevent testimony about the plaintiff's motive for exaggerating his no-fault claim. Defendant contends it should have been allowed to present evidence that plaintiff exaggerated his claims to meet the threshold requirements for filing a claim for noneconomic losses against the other driver involved in the collision and to effect the "pain and suffering" aspect of that claim once he had met the threshold level.

We hold the trial court properly granted the plaintiff's motion in limine. It ruled that defendant would not be allowed to submit evidence concerning plaintiff's motive in the case, that is, the impact plaintiff's claim against defendant would have on any other rights plaintiff might have to pursue claims against other parties, but allowed defendant to explore fully the reasonableness of all claims submitted to defendant. Questions of relevancy are generally matters within the trial court's discretion and it is not error to exclude evidence that is not related to an issue at trial. *Sleeth v. State*, 197 Ga. App. 349 (3) (398 SE2d 298) (1990). This enumeration of error is without merit.

2. Defendant urges the trial court committed reversible error by denying defendant's motion for mistrial when plaintiff's counsel revealed to the jury that in another case a jury had ruled against the defendant in favor of the plaintiff in that case, and by failing to grant defendant's pretrial motion in limine, which would have prevented the mention of the prior jury's finding. Prior to the trial in this case, defendant was sued by another taxi driver named Mohammed Abdillahi, who recovered against defendant on virtually identical facts; that is, AACC refused to pay Abdillahi's claim for personal injury protection benefits, including payment for medical treatment by Doctors Dinerman and D'Auria, after receiving a report from Dr. Hoffman that Abdillahi was not injured.

In a pretrial motion, defendant requested that plaintiff be prohibited from introducing evidence that another jury rendered a verdict against defendant in a case with similar facts. The trial court reserved ruling on the motion and plaintiff promised not to mention the adverse verdict until the trial court made its ruling. During the testimony of Cheru Terefe, president of the AACC, the following colloquy took place:

"[Counsel for Plaintiff:] [Y]ou took the position before another jury in another court that Mohammed Abdillahi was not hurt, didn't you?

"[Terefe:] Yes.

"[Counsel for Plaintiff:] And that jury told you —

"[Counsel for Defendant:] Objection, your Honor, we raised this just prior to trial. He said he would n[ot] get into this until your Honor ha[d] ruled on the question and now he's proceeded directly into it."

At that time, the matter was discussed outside the presence of the jury, and defendant moved for a mistrial. The trial court denied defendant's motion for a mistrial and ruled that plaintiff could question Terefe about denying other claims and if there were other lawsuits filed against AACC to procure benefits but prohibited plaintiff from inquiring about the decisions reached in other cases. The jury was then brought back into the courtroom and the trial court instructed them to disregard the last question.

" 'The trial judge in passing on motions for mistrial has a broad discretion, dependent on the circumstances of each case, which will not be disturbed unless manifestly abused. (Cits.) Unless it is apparent that a mistrial is essential to preservation of the right of fair trial, the discretion of the trial judge will not be interfered with.' [Cits.]" *Stoner v. Eden*, 199 Ga. App. 135, 137 (2) (404 SE2d 283) (1991). In this case, the trial court's ruling on defendant's motion for mistrial was proper. Plaintiff's counsel did not complete the question before defendant's objection was made. Under these circumstances, the trial court's instruction to the jury was sufficient to preserve the right to a fair trial. The trial court's ruling on defendant's motion in limine does not offer a basis for reversal either since the trial court ultimately granted it.

3. Defendant claims the trial court erred by failing to grant its motion to strike plaintiff's claim for lost wages. Although the evidence revealed that the trip sheets submitted by plaintiff to defendant in support of his claim for lost wages were examples rather than actual trip sheets, the plaintiff testified extensively concerning his wages. His testimony was sufficient at least to raise a jury question concerning whether he was entitled to lost wages. *Allison v. Auto-Owners Ins. Co.*, 256 Ga. 446 (349 SE2d 682) (1986). The trial court did not err by submitting plaintiff's claim for lost wages to the jury.

4. Defendant contends plaintiff failed to prove the terms of its contractual obligation to provide no-fault benefits to him, and therefore it was entitled to a directed verdict on all of defendant's contractual claims. Plaintiff, however, through witnesses called before defendant's first motion for directed verdict, proved the pertinent terms of the self-insurance plan administered by the AACC for taxi drivers, with the exception of a deductible amount. Although a certified copy of the plan is the best evidence of its provisions, failure by the plaintiff to submit a certified copy of the plan, which was later submitted by the defendant, is not fatal to his claim. Defendant's reliance on *Twyman v. Robinson*, 255 Ga. 711 (342 SE2d 313) (1986) in support

of this proposition is misplaced. The trial court did not err by failing to grant defendant's motions for directed verdict and judgment n.o.v.

5. Defendant also argues that it was error for the trial court to charge the jury on the provisions of OCGA § 33-34-4 rather than the terms of the plan itself. Because the requests to charge submitted to the trial court were not made a part of the record, we are unable to determine if defendant filed a written request to charge on the terms of the plan. It does not appear from a review of the transcript of the charge conference that defendant filed such a request. It is not reversible error for the trial court to fail to give a request to charge that is not submitted in writing by the complaining party. *Bullock v. State*, 202 Ga. App. 65 (413 SE2d 219) (1991).

Moreover, the transcript of the charge conference reveals defendant's objection to the requested charge submitted by plaintiff on the terms of PIP coverage allegedly available to plaintiff under the terms of the policy administered by defendant. At defendant's urging, the trial court agreed to read the text of OCGA § 33-34-4 rather than plaintiff's submitted charge. "It is well-settled that when a party contributes to what he subsequently assigns as error on appeal, this court will not grant him relief. [Cit.] Furthermore, ' "(t)o constitute harmful error within the meaning of (OCGA § 5-5-24 (c)), an erroneous charge or failure to charge must result in a gross injustice, such as to raise a question as to whether the appellant has been deprived of a fair trial. . . ." ' " (Citations omitted.) *Swanson v. Dept. of Transp.*, 200 Ga. App. 577, 579 (2) (409 SE2d 74) (1991). We conclude defendant was not deprived of a fair trial by the trial court charging the jury on the provisions of OCGA § 33-34-4 since defendant's representative testified that the plan referenced OCGA § 33-34-4 and conformed to the dictates of that statute.

6. Defendant asserts that the trial court committed reversible error by allowing a lay witness to testify about the results of x-rays and a CT scan. The testimony about which defendant complains was elicited from Mohammed Abdillahi, another taxi driver who had filed a similar suit against defendant. Plaintiff questioned Abdillahi about the result of x-rays and a CT scan performed by his treating physician. Defendant offered a hearsay objection to the question. Plaintiff replied that the testimony was being offered for the purpose of showing Abdillahi's understanding of his physical condition and to explain why he sought further treatment. We agree with the trial court that the testimony was offered for a purpose not prohibited by the hearsay rule. Accordingly, we hold this enumeration is without merit.

7. Defendant complains the trial court erred by refusing to allow it to introduce the report of the medical examination of plaintiff conducted by Dr. Hoffman for the limited purpose of showing good faith. We do not find it was error for the trial court to exclude the report.

This issue is controlled adversely to defendant by our decision in *Giles v. Taylor*, 166 Ga. App. 563 (1) (305 SE2d 154) (1983). Furthermore, defendant's witnesses testified extensively that they denied plaintiff's claim for benefits based upon Dr. Hoffman's conclusion that plaintiff was not injured. At most, the report would have been cumulative of the testimony offered by defendant.

8. In supplemental briefs filed after oral arguments, defendant raises two additional arguments. First, defendant argues that plaintiff is not the named insured as he contends. While defendant's argument on this issue is not clear, it appears that the gist of this argument is that, contrary to plaintiff's contentions otherwise, Rapid Group Inc. is the actual named insured in the plan administered by AACC and it could dictate the terms of coverage offered by the plan by outlining the terms in the plan filed with the Georgia Department of Insurance, including setting a deductible for PIP coverage.

The defendant does not state where in the record Rapid Group Inc. is defined as the named insured under the applicable policy. The only party mentioned in the certified copy of the plan submitted at trial is the AACC as the self-insurer. Clearly, our recent decision in *Proctor v. Rapid Group*, 203 Ga. App. 232 (416 SE2d 774) (1992), provides that the self-insurer is not obligated to offer all insurance coverage options provided by law, but only the minimum coverage dictated by the Georgia Motor Vehicle Accident Reparations Act and that the self-insurer may limit its coverage by specifying the coverage offered in the plan on file with the Georgia Department of Insurance.

The plan submitted by AACC contains a $500 deductible for PIP benefits. In reaching their verdict, however, it is obvious that the jury did not subtract the deductible from their award to plaintiff. The evidence submitted by plaintiff showed damages in the amount of $1,377 for medical expenses and $1,200 as lost income. The jury awarded plaintiff the full amount for both claims. This case is remanded to the trial court for the judgment to be altered to reflect the applicable $500 deductible.

9. For the reasons set forth in our recent decision in *Terry v. State Farm &c. Ins. Co.*, 205 Ga. App. 224 (422 SE2d 212) (1992), we hold the repeal of OCGA § 33-34-6 bars plaintiff's recovery of penalties and punitive damages pursuant to that statute. Upon remand, the trial court shall strike from plaintiff's judgment all amounts awarded pursuant to former OCGA § 33-34-6.

*Judgment affirmed with direction. Carley, P. J., and Johnson, J., concur.*

DECIDED JULY 8, 1992 —
RECONSIDERATION DENIED JULY 28, 1992 — 

*Sidney L. Moore, Jr.*, for appellant.
*Freeman & Hawkins, Edward M. Newsom*, for appellee.
*Downey, Cleveland, Parker, Williams & Davis, Y. Kevin Williams, Houston D. Smith III, Harper, Waldon & Craig, Thomas D. Harper, Powell, Goldstein, Frazer & Murphy, Dean S. Daskal*, amici curiae.