206 Ga. App. 337 (1992)
425 S.E.2d 327
NATIONAL SERVICES INDUSTRIES, INC.
v.
TRANSAMERICA INSURANCE COMPANY.
A92A1424.
Court of Appeals of Georgia.
Decided October 29, 1992.
Reconsideration Denied November 18, 1992.
*341 McLain & Merritt, M. David Merritt, Albert J. Decusati, for appellant.
Stevens S. Banks, pro se.
Michael T. Bennett, Long, Weinberg, Ansley & Wheeler, James S. Strawinski, Jennifer T. Schloegel, for appellee.
JOHNSON, Judge.
Steven Banks was employed by National Services Industries, Inc. d/b/a North Brothers Company (NSI). Banks was given permission by his foreman to drive a truck owned by NSI solely for the purpose of transporting several NSI workers to and from a job site. NSI insured the truck under a plan of self-insurance. Contrary to his foreman's specific instructions, Banks drove the truck on a personal mission. While using the truck for his personal errand, Banks collided with a police vehicle being driven by Officer Welber Hutchison. Hutchison and his wife filed a complaint against NSI and Banks for *338 personal injuries allegedly sustained in the collision.[1] Transamerica Insurance Company, the Hutchison's uninsured motorist carrier, filed a declaratory judgment action against NSI, the Hutchisons and Banks, contending that Banks is insured under NSI's plan of self-insurance and therefore Transamerica has no liability as the uninsured motorist carrier. The Hutchisons filed a cross-claim against NSI also asserting that Banks is insured under NSI's self-insurance plan. All parties except Banks filed motions for summary judgment. The trial court, in a single order, denied NSI's motion for summary judgment, granted Transamerica's motion for summary judgment and granted the Hutchison's motion for summary judgment on its cross-claim. The court applied the permissive user clause contained in OCGA § 33-34-2 (5),[2] which provides that the term "insured" includes any person using the insured vehicle with the express or implied permission of the named insured, in holding that Banks is insured under NSI's plan of self-insurance. NSI appeals from the trial court's order.
1. NSI argues that the trial court erred in finding that Banks is insured under its plan of self-insurance. NSI contends that Banks is not insured because at the time of the accident he had exceeded the scope of his permission by driving the truck on a personal mission. In support of its argument, NSI relies on cases which, in interpreting permissive user clauses in insurance policies, have held that once a driver of a vehicle goes beyond the scope of the permission granted, the driver is no longer an insured under the applicable policy. See Strickland v. Ga. Cas. &c. Co., 224 Ga. 487 (162 SE2d 421) (1968); Select Ins. Co. v. Register, 192 Ga. App. 145 (384 SE2d 238) (1989); Allstate Ins. Co. v. Martin, 136 Ga. App. 257 (220 SE2d 732) (1975). In adopting such a "scope of permission" analysis of insurance policies, this court rejected the "first instance permission" rule. Ditmyer v. American Liberty Ins. Co., 117 Ga. App. 512 (3) (160 SE2d 844) (1968); Hodges v. Ocean Accident &c. Corp., 66 Ga. App. 431 (18 SE2d 28) (1941). Under the doctrine of first instance permission, the insurer is liable regardless of the purpose for which the vehicle is being used; once permission is given to use the vehicle, the insurer is liable even though at the time of the accident the operator was using the vehicle for a purpose prohibited by the named insured. Hodges, supra at 435. Because NSI's potential coverage of Banks is based on its status as a self-insurer, not on an insurance policy, the cases construing *339 insurance policies, while instructive, do not control the instant case. Instead, we must look to the statutes governing self-insurance to determine whether Banks was an insured at the time of the collision.
"OCGA §§ 33-34-2 (12) and 40-9-101 mandate that self-insurance plans `provide coverages, benefits, and claims handling procedures substantially equivalent to those afforded by a policy' of motor vehicle insurance in compliance with Title 33, Chapter 34 of the OCGA." Twyman v. Robinson, 255 Ga. 711 (342 SE2d 313) (1986). Under OCGA § 33-34-2 (5), "`Insured' means, in addition to the insured named in the policy, . . . any other person using or occupying the insured vehicle with the express or implied permission of the named insured. ..." (Emphasis supplied.) We must interpret, for the first time, this statutory permissive user clause in the absence of an insurance policy. Specifically, we must determine whether the legislature intended this clause to be limited to a person using the vehicle solely within the scope of the permission granted or to embody the concept of first instance permission.
"Where the language of a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. [Cit.]" Lunda Constr. Co. v. Clayton County, 201 Ga. App. 106, 107 (410 SE2d 446) (1991). Here, the language of the statute is plain; it provides that any person given express or implied permission by the named insured to use the vehicle is also insured under the self-insurance plan. The statute makes no mention of the purpose for which the vehicle is used once permission is granted. Thus, there is nothing in the statute's plain language which indicates that the legislature intended to limit its permissive user definition of an insured to a person acting solely within the scope of the permission granted. This court does not have the authority to impose such a limitation on the plain language of the statute.
We must construe the statute in connection and in harmony with the existing law. Atlanta Journal &c. v. Sims, 200 Ga. App. 236, 237 (407 SE2d 464) (1991). In 1974, the legislature enacted the Motor Vehicle Accident Reparations Act, which not only included the permissive user clause found in OCGA § 33-34-2 (5), but also provided for compulsory motor vehicle liability insurance. OCGA § 33-34-1 et seq. This court rejected the first instance permission rule in cases interpreting insurance policies prior to the enactment of Georgia's compulsory liability insurance law. Ditmyer, supra; Hodges, supra. "Compulsory motor vehicle liability insurance in this state established the public policy that innocent persons who are injured should have an adequate recourse for the recovery of their damages. Financial responsibility laws are designed to protect the general public." (Citations and punctuation omitted.) United Services Auto. Assn. v. Lail, *340 192 Ga. App. 487, 488 (385 SE2d 424) (1989). States which have enacted mandatory motor vehicle liability insurance have adopted the first instance permission rule because "[t]he intent of the legislature is to protect those injured by automobiles, no matter who may be driving the car or where it is driven, provided the owner has voluntarily entrusted possession of the car to the driver for some purpose, and regardless of whether the person in possession of the car observes or breaks the contract of bailment. [Cits.]" Hodges, supra at 436. We must presume that at the time the legislature enacted the statutory permissive user clause along with compulsory motor vehicle liability insurance, it was aware that this court's rejection of the first instance permission rule was largely premised on the absence of compulsory motor vehicle liability insurance in Georgia. Thus, we conclude that the legislature, in enacting the compulsory motor vehicle liability insurance law, intended to include first instance permission in its permissive user clause; we find that the legislature intended for a permissive user to be insured regardless of the purpose for which the vehicle was being used at the time of the accident. This ruling is strictly limited to our construction of the statutory permissive user clause in the absence of an insurance policy; it has no effect on the prior decisions of this court rejecting the first instance permission rule in the context of interpreting permissive user clauses in insurance policies.
In the instant case, therefore, Banks was insured at the time of the accident as a permissive user of the vehicle under NSI's plan of self-insurance. Accordingly, the trial court did not err in denying NSI's motion for summary judgment and in granting the respective motions for summary judgment of Transamerica and the Hutchisons.
2. NSI also contends that the trial court erred in holding that the extent of its liability as a self-insurer was not limited to the minimum amounts of coverage required by statute. See OCGA §§ 40-9-2 (5); 33-34-4. NSI could have limited its coverage as a self-insurer to the minimum statutory requirements by specifying such limits in its plan on file with the Georgia Department of Insurance. See American Assn. of Cab Cos. v. Egeh, 205 Ga. App. 228 (421 SE2d 741) (1992); Proctor v. Rapid Group, 203 Ga. App. 232 (416 SE2d 774) (1992). The record on appeal, however, contains no evidence that NSI's plan of self-insurance specifies such limitations. In fact, the trial court indicated at the hearing on the respective motions for summary judgment and in its order that NSI's self-insurance plan does not contain any coverage limitations, statutory or otherwise. Absent such limitations in the plan, the trial court was correct in ruling that NSI's liability was not limited to the statutory minimums and that NSI would be liable for the full amount of damages. Accordingly, we find no error.
Judgment affirmed. Carley, P. J., and Pope, J., concur.
NOTES
[1] That case is still pending in the trial court and two appeals from it have already been decided by this court. See Hutchison v. Nat. Svcs. Indus., 191 Ga. App. 885 (383 SE2d 212) (1989); Nat. Svcs. Indus. v. Great Global &c. Co., 198 Ga. App. 258 (401 SE2d 286) (1990).
[2] At the time the Hutchisons filed their lawsuit in 1985, OCGA § 33-34-2 (5) was part of the Georgia Motor Vehicle Accident Reparations Act, more commonly known as the No-Fault Act. After the Hutchisons filed their action, the Georgia Legislature repealed the No-Fault Act, effective October 1, 1991.