# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-CT-00355-SCT

*ALMA MCCOY, ADMINISTRATRIX OF THE ESTATE OF EARNEST SELBY MCCOY*

*v.*

*SOUTH CENTRAL BELL TELEPHONE COMPANY*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 3/25/94 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| COURT FROM WHICH APPEALED: | PRENTISS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM C. WALKER, JR. |
| | RONALD D. MICHAEL |
| ATTORNEYS FOR APPELLEE: | JOHN C. HENEGAN |
| | THOMAS B. ALEXANDER |
| | WILLIAM M. GAGE |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 11/14/96 |
| MOTION FOR REHEARING FILED: | 12/4/96 |
| MANDATE ISSUED: | 2/6/97 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. This matter comes before the Court, en banc, after granting petitioner's application for writ of certiorari. We are presented with a question of first impression of whether a self-insurer is required to comply with the uninsured motorist statute. The trial court granted summary judgment after finding that a self-insured employer was not required to provide uninsured motorist coverage and the Court of Appeals affirmed. This Court finds that a certificate of self-insurance is not a commercial contract of insurance subject to the provisions of the Uninsured Motorist Act.

¶2. Petitioner's decedent, Earnest McCoy, was employed by South Central Bell (SCB) and was driving a vehicle owned by his employer when that vehicle was struck by an uninsured motorist, Paul Earl Hill. Earnest McCoy died as a result of the collision. SCB operates as a self-insurer pursuant to Miss. Code Ann. § 63-15-53 and complies with the Mississippi Motor Vehicle Safety Law by maintaining a certificate of self-insurance pursuant to Miss. Code Ann. § 63-15-37(4).

¶3. SCB paid workers compensation benefits to the McCoy estate but refused to pay uninsured motorist benefits. The administratrix filed a civil action in the Circuit Court of Prentiss County seeking damages for the decedent's suffering and punitive damages for the alleged bad faith of SCB in denying the claim. SCB moved for summary judgment on grounds that it was not required to provide uninsured motorist coverage due to its compliance with the Mississippi Motor Vehicle Safety Responsibility Law as a self-insurer. The trial court agreed and dismissed the claim.

¶4. The administratrix appealed and the Court of Appeals unanimously rejected the claim that SCB was statutorily required to provide uninsured motorist coverage unless it affirmatively declined such coverage in writing as set forth in the Uninsured Motorist Act. The appellate court held that SCB was not a commercial insurer to whom the act applied. We agree.

### A. The Motor Vehicle Safety Responsibility Act

¶5. Miss Code Ann. § 63-15-53 provides, in relevant part, that "[a]ny person in whose name more than 25 motor vehicles are licensed may qualify as a self-insurer by obtaining a certificate of self-insurance." The certificate is issued by the Mississippi Department of Public Safety when it is satisfied that the applicant possesses the continuing financial ability to pay judgments obtained against it resulting from the use of the applicant's vehicles. Miss. Code Ann. § 63-15-37(4) provides that proof of financial responsibility, with respect to the operation of motor vehicles by persons who are not the owner of the vehicles, may be accomplished by filing a certificate of self-insurance "supplemented by an agreement by the self-insurer that, with respect to accidents occurring while the certificate is in force, he will pay the same judgments and in the same amounts that an insurer would have been obligated to pay under an owner's motor vehicle liability policy if it had issued such a policy to said self-insurer."

¶6. However, Miss. Code Ann. § 63-15-43(5)(b) provides that such policy shall not insure "any liability on account of bodily injury to or death of any employee of the insured while engaged in the employment . . . of the insured . . . if benefits therefor are either payable or required to be provided under any workmen's compensation law."

### B. The Uninsured Motorist Act

¶7. Miss. Code Ann. § 83-11-101(1) provides that any automobile liability insurance policy issued or delivered after January 1, 1967, must contain "an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle." This section further provides that the required coverage shall not be applicable where the named insured rejects such coverage in writing.

¶8. The Court of Appeals correctly found that the uninsured motorist statute applied only to commercial liability insurance companies and that SCB was not a commercial insurer. There is no statutory obligation for a self-insurer to provide uninsured motorist coverage to itself, much less decline such coverage in writing.

### C. Other Jurisdictions

¶9. Some jurisdictions have held that self-insurers must provide UM coverage on policy grounds of

public protection or because the state had adopted a compulsory, no-fault insurance statute or both. *South Carolina Elec. and Gas Co. v. Jeter*, 343 S.E.2d 47 (S.C. App. 1986); *Twyman v. Robinson*, 342 S.E.2d 313 (Ga. 1986); *Modesta v. Southeastern Pennsylvania Transp. Authority*, 469 A.2d 1019 (Pa. 1983); *Allstate Insurance Co. v. Shaw*, 418 N.E.2d 388 (N.Y. 1980). All of the above cases involved the provision of UM benefits to *non*-employees and may be distinguished on that basis.

¶10. The Petitioner cited only one factually similar case (a telephone company employee injured by uninsured motorist while driving company car) where the court implied UM coverage as a matter of law in the minimum amounts specified by the state's UM statute. *Anderson v. Northwestern Bell Telephone Co.*, 443 N.W.2d 546 (Minn. App. 1989). The Minnesota appellate court implied UM coverage to a self-insurer based on the state's no-fault insurance act but also acknowledged the statutory distinction between a certificate of self-insurance and an insurance "policy," which is a contract between an insurer and its customer. *Id.* at 549. This case may also be distinguished in that Mississippi does not have a no-fault, compulsory liability statute which might compel a similar result.

¶11. There is also a line of decisions of foreign courts which have held that self-insured employers are not required to provide UM coverage to their employees. Florida courts have expressly ruled that self-insured companies are not required to provide UM coverage to their employees or their lessees. *Diversified Services, Inc. v. Avila*, 606 So. 2d 364, 365-66 (Fla. 1992); *Lipof v. Florida Power & Light Co.*, 558 So. 2d 1067 (Fla. Dist. Ct. App. 1990), *aff'd* 596 So. 2d 1005 (Fla. 1992). The Supreme Court of Oklahoma held that one's status as a self-insurer for purposes of financial responsibility did not require it to provide UM coverage pursuant to that state's UM statute. *McSorley v. Hertz Corp.*, 885 P.2d 1343 (Okla. 1994). The Oklahoma court found that the "fact that a self-insurer is financially responsible for its own vehicles or their operators does not transform it into an insurer as contemplated by the insurance code." *Id.* at 1350.

¶12. The Supreme Court of Arizona has held that self-insurers are not traditional insurance carriers required to provided UM coverage and are therefore not required to provide such benefits to their employees. *Mountain States Telephone & Telegraph Co. v. Aetna Cas. & Sur. Co.*, 568 P.2d 1123 (Ariz. App. 1977). The Supreme Court of Connecticut has held that statutorily-mandated UM coverage is not an independent source of recovery in addition to workmen's compensation benefits. *Bouley v. City of Norwich*, 610 A.2d 1245 (Conn. 1992).

¶13. In a case where an employee was killed while operating his employer's truck, the Supreme Court of Ohio rejected the argument that mandatory UM coverage should be interpreted so as to apply to self-insurers. *Grange Mut. Cas. Co. v. Refiners Transport and Terminal Corp.*, 487 N.E.2d 310 (Ohio 1986). The court stated that "[a]lthough public policy may well favor mandatory uninsured motorist protection for employees of self-insured employers, such a declaration must emanate from Ohio's General Assembly." *Id.* at 314.

### D. Prior Treatment by this Court

¶14. This Court has previously addressed the interaction of the Motor Vehicle Safety Responsibility Act and the Uninsured Motorist Act (within the context of minimum amounts of coverage) and found them to be independent statutes. *Spradlin v. State Farm Mut. Auto. Ins. Co.*, 650 So. 2d 1383 (Miss. 1995). The Court examined the two statutes in terms of whether the applicability of the

minimum amount of coverage set forth in the Motor Vehicle Responsibility Act was conditioned or restricted by the language of the Uninsured Motorist Act and held that "[t]he UM statute merely uses the Motor Vehicle Safety Act as a guide to the statutory minimum amount of coverage required." *Id.* at 1388.

¶15. Further, this Court has held that, for purposes of sovereign immunity, self-insurance is not a contract for insurance within the meaning of Miss. Code Ann. § 83-5-5 but is instead a risk-sharing pool insufficient to waive sovereign immunity as would a policy of general liability insurance. *Morgan v. City of Ruleville*, 627 So. 2d 275, 281 (Miss. 1993). This Court has also held that, even where an employer provides UM coverage, workers' compensation is the exclusive remedy for work-related injuries against an employer. *Medders v. U.S. Fidelity and Guar. Co.*, 623 So. 2d 979, 984 (Miss. 1993).

¶16. This Court holds that a certificate of self-insurance is not a commercial insurance policy for purposes of the Uninsured Motorist Act; therefore, the decision of the Court of Appeals is affirmed.

**¶17. JUDGMENT AFFIRMED.**

**LEE, C.J., PITTMAN, BANKS, ROBERTS AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J. PRATHER, P.J., NOT PARTICIPATING.**

### McRAE, JUSTICE, DISSENTING:

¶18. I disagree with the majority's holding that a certificate of self-insurance is not a commercial contract of insurance subject to the provisions of the Uninsured Motorist Act. Instead, I would find that a certificate of self-insurance substitutes for a liability insurance policy and therefore would include the Uninsured Motorist Act. Because the self-insured entity in this case made no express provision of uninsured motorist coverage for its employees, statutory minimum coverage should be imposed as a matter of law. Accordingly, I dissent.

¶19. While this is a case of first impression before this Court, other jurisdictions have considered the question. One state found no basis for treating a self-insuring entity differently from any other insurer with regard to its responsibilities under the law. *See Anderson v. Northwestern Bell Telephone Co.*, 443 N.W.2d 546, 548 (Minn. App. 1989); *State Farm Mutual Automobile Insurance Co. v. Budget Rent-a-Car Systems*, 359 N.W.2d 673, 676 (Minn. App. 1984). Another jurisdiction has implied UM coverage on the part of self-insurers on public protection grounds that "self-insurance is not a means by which self-insurers may avoid the claims of those individuals for whose protection the insurance laws have been enacted." *Modesta v. Southeastern Pennsylvania Transportation Authority*, 469 A.2d 1019, 1022 (Pa. 1983). Yet another state has found that a certificate of self-insurance is substantial by equivalent to an insurance policy. *Twyman v. Robinson*, 342 S.E.2d 313, 315 (Ga. 1986).

¶20. Mississippi's Uninsured Motorist Act provides that automobile liability policies and contracts issued or delivered after January 1, 1967 *shall* contain UM coverage unless the named insured has specifically rejected the coverage by written notice. Miss. Code Ann. § 83-11-101. The statute further provides that the limits of such coverage shall be no less than those set forth in the Motor Vehicle Safety Responsibility Law. Miss. Code Ann. § 63-15-43 requires that motor vehicle liability policies be subject to a limit of not less than $10,000 per person and $20,000 per accident for bodily injury or death.

¶21. Additionally, the Motor Vehicle Safety Responsibility Law provides that someone in whose name more than twenty five vehicles are licensed may apply for a certificate of self-insurance pursuant to Miss. Code Ann. § 63-15-33. This certificate supplies the proof of financial responsibility required by Miss. Code Ann. § 63-15-11. This alternate method of giving proof of financial responsibility is authorized by Miss. Code Ann. § 63-15-37, which provides that proof of financial responsibility, when required, may be given by filing

> a certificate of self-insurance as provided in section 63-15-53, supplemented by an agreement that the self-insurer that, with respect to accidents occurring while the certificate is in force, he will pay the same judgments and in the *same amounts that an insurer would have been obligated to pay under an owner's motor vehicle liability policy* if it had issued such a policy to said self-insurer.

Miss. Code Ann. § 63-15-37(4)(emphasis added).

¶22. It is reasonable to conclude that the legislature intended self-insurance to serve as substitute for a liability insurance policy to the extent of statutory policy requirements and we so hold. Because SCB's certificate of self-insurance does not expressly provide or reject UM coverage, such coverage must be implied in the minimum amounts required by law. Accordingly, I dissent.

**SULLIVAN, P.J., JOINS THIS OPINION.**